IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 1 and JANE DOE 1, in their own capacity and as parents of CHILD DOE 1, JOHN DOE 2 and JANE DOE 2, in their own capacity as parents of CHILD DOE 2, JANE DOE 3, in her own capacity and as a parent of CHILD DOE 3 and on behalf of those similarly situated,<br>　　　　　Plaintiffs,<br><br>　　　　　　　v.<br><br>PERKIOMEN VALLEY SCHOOL DIST., JASON SAYLOR, MATTHEW DORR, ROWAN KEENAN, DON FOUNTAIN, KIM MARES, REENA KOLAR, SARAH EVANS-BROCKETT, LAURA WHITE, and TAMMY CAMPLI,<br>　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO. 22-cv-287 |

**O P I N I O N**

On January 23, 2022, five parents filed the instant suit on behalf of themselves and their disabled minor children against various government entities and elected officials challenging Perkiomen School District's repeal of a universal masking mandate. Plaintiffs have filed a motion to proceed anonymously due to retaliation they and their children may face if they were forced to reveal their identities.

Plaintiffs will be allowed to proceed anonymously. Rule 10(a) of the Federal Rules requires parties to a lawsuit to identify themselves in their pleadings, and courts have interpreted this requirement as an illustration of "the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (internal citations and quotations omitted). In "exceptional" cases, courts will permit parties to proceed anonymously so long as they establish "(1) a fear of severe harm, and (2) that the fear of

1

severe harm is reasonable." *Id.* (quoting *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Once a court determines that a plaintiff has alleged a reasonable fear of severe harm, it must then balance the plaintiff's interest and fear against the public's strong interest in an open litigation process. *Id.* Courts in the Third Circuit consider the following non-exhaustive factors in favor of anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (internal citation and quotations omitted). Against those factors, courts must weigh the following three factors disfavoring anonymity:

> (7) the universal level of public interest in access to the identities of litigants; (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* Ultimately, the decision to allow a plaintiff to proceed anonymously rests within the sound discretion of the court. *See Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014). Applied here, the Plaintiffs have shown that they have a reasonable and severe fear of retaliation for their lawsuit due to the heated debate in their District over COVID-19 related masks. They claim that they fear possible violence against their children in the form of intimidation, bullying and reprisal. In support of their points, they cite to two news articles which detail intense school board meetings and state that school board officials have received death threats for their positions on mandatory

masking.[1]  Turning next to the balancing test, the application of factors indicate that Plaintiffs should be permitted to proceed anonymously.[2]

**Extent to which the identity of the litigant has been kept confidential**: Plaintiffs allege that neither they nor their minor children have publicly discussed this matter.  This factor thus weighs in favor of permitting the Plaintiffs to proceed pseudonymously.  *See, e.g.*, *Doe v. Rutgers*, 2019 WL 1967021 (D.N.J. Apr. 30, 2019) (noting that this factor weighs in favor of plaintiffs who "limit the disclosure of sensitive information to few other people." (internal citation and quotation omitted).

**Bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases**:  This factor overlaps with the threshold inquiry of "serious reasonable fear", and asks "what harm is the litigant seeking to avoid, and is the litigant's fear reasonable?"  *Megless*, 654 F.3d at 410.  As noted previously, Plaintiffs fear retaliation and violence for this suit, due to the charged nature of the masked mandate debate.  This factor thus weighs in favor of anonymity.  *See e.g.*, *Doe v. Middlesex Cnty.*, 2021 WL 130480, at *4 (D.N.J. Jan. 4, 2021) (stating that cases involving parents and their "minor children fall squarely in the category of highly sensitive or personal content that justifies anonymous plaintiffs proceeding pseudonymously" (internal citation and quotation marks omitted).

---

[1] *See, e.g.*, J.D. Prose, *Pa. School Boards Bearing Brunt of Anti-Mask Parents' Anger*, GoErie, https://www.goerie.com/story/news/2021/09/27/pa-school-board-mask-mandate/5846407001/; Justin Rohrlich, *Covid Has Broken You People: Pennsylvania School District Melts Down Over Mask Battle*, https://www.thedailybeast.com/pennsylvania-school-district-melts-down-over-mask-battle.

[2] Notably, in similar suits against school districts in this Circuit, plaintiffs are proceeding anonymously.  *See, e.g.*, *Doe #1 v. Del. Valley Sch. Dist.*, 2021 WL 5239734 (M.D. Pa. Nov. 11, 2021); *Doe 1 v. N. Allegheny Sch. Dist.*, 2022 WL 170035 (W.D. Pa. Jan. 17, 2022); *Doe 1 v. Upper St. Clair Sch. Dist.*, 2022 WL 189691 (W.D. Pa. Jan. 21, 2022).  However, one court in the Ninth Circuit expressed skepticism that a plaintiff high-school student and her parents could proceed using pseudonyms but permitted them to do so while they appealed the denial of their motion for a temporary restraining order.  *Doe v. San Diego Unified Sch. Dist.*, 2021 WL 5396136, at *5 (S.D. Cal. Nov. 18, 2021).

**The magnitude of the public interest in maintaining the confidentiality of the litigant's identity**: Under this factor, the court must ask: "if this litigant is forced to reveal [ ] her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" *Megless*, 654 F.3d at 410. The public may have an interest in maintaining the confidentiality of a litigant's identity when he or she belongs to a particularly vulnerable class or when the subject matter is highly personal. *See Doe v. Lund's Fisheries, Inc.*, 2020 WL 6749972, at *3 (D.N.J. Nov. 17, 2020). Both circumstances are present here; three of the litigants are children and are thus members of a vulnerable class, and the subject matter of the litigation pertains to their disabilities, a highly personal topic. *See, e.g., id.* at *3 n. 1 (stating that minors are considered to be members of a vulnerable class); *Doe v. Provident Life and Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (stating that the public has an interest in permitting individuals with illnesses, like mental health illnesses, to bring suits and vindicate their rights).

**Whether there is an atypically weak interest in knowing the litigant's identity**: The interest in knowing the Plaintiffs' identities is diluted here. Rule 5.2 of the Federal Rules of Civil Procedure and this Court's local rules expressly prohibit the disclosure of any identifying information pertaining to a minor child and specify that only the child's initials may be disclosed; all other information must be redacted. Fed. R. Civ. P. 5.2; E.D. Pa. Civ. R. 5.1.3, 12(b). Accordingly, because the children's identities cannot be disclosed, permitting them to proceed anonymously will not impede the openness of this proceeding any further. This factor also weighs in favor of allowing the parent plaintiffs to proceed anonymously because if they were required to disclose their identities, the identities of their children would be readily determinable, and the privacy interests protected by these rules would be undermined. The analyses under factor 7, the **universal level of public interest in access to the identities of**

**litigants**, and factor 8, **the existence of a strong interest in knowing the litigant's identities,** are largely duplicative of this analysis as there is a weak interest in knowing the identities of these litigants as they are all minor-children, or their parents.

**The undesirability of an outcome adverse to the pseudonymous party attributable to his refusal to pursue the case at the price of being publicly identified**: This factor concerns whether the Does will refuse to pursue this litigation if they are required to publicly identify themselves. They claim that they will be unable to pursue this litigation out of fear of intimidation or reprisal. So, this factor too weighs in favor of the Plaintiff's motion.

**The existence of illegitimate, ulterior motives**: There do not appear to be any illegitimate or ulterior motives underlying Plaintiffs' challenge.

**Whether opposition to use of the pseudonym is illegitimately motivated**: The Defendants have not raised any oppositions to the use of pseudonyms.

In light of the foregoing, Plaintiffs' motion to proceed under pseudonyms shall be granted.

An appropriate order follows.

        **BY THE COURT:**

        **/s/ Wendy Beetlestone**

        _____
        **WENDY BEETLESTONE, J.**