IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE 1 and JANE DOE 1, in their own capacity and as parents of CHILD DOE 1, JOHN DOE 2 and JANE DOE 2, in their own capacity as parents of CHILD DOE 2, JANE DOE 3, in her own capacity and as a parent of CHILD DOE 3 and on behalf of those similarly situated,**<br>　　　　**Plaintiffs,**<br><br>　　　　　　　　v.<br><br>**PERKIOMEN VALLEY SCHOOL DIST., JASON SAYLOR, MATTHEW DORR, ROWAN KEENAN, DON FOUNTAIN, KIM MARES, REENA KOLAR, SARAH EVANS-BROCKETT, LAURA WHITE, and TAMMY CAMPLI,**<br>　　　　**Defendants.** | CIVIL ACTION<br><br><br>NO.  22-cv-287 |

## MEMORANDUM OPINION

**WHEREAS** on January 28, 2022, Plaintiffs filed a Motion for Preliminary Injunction on the grounds that the imposition of an optional masking policy in the Perkiomen Valley School District (the "District") during a period of high or substantial transmission of COVID-19 "disparately impacts Plaintiffs' medically fragile children" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq*. ("ADA"), and Section 504 of the Rehabilitation Act, 29 US.C. § 701 *et seq*. ("Section 504"), "by preventing their in-person access to education and other services at the District's facilities without incurring a substantially increased risk of severe illness or death" (ECF Nos. 19-21);

**WHEREAS** on February 7, 2022, this Court granted Plaintiffs' Motion and issued a preliminary injunction enjoining Defendants from implementing or enforcing Phase Two of the ARP ESSER Health and Safety Transition Plan (version 3) approved by the Board of School

Directors of the Perkiomen Valley School District on January 2, 2022, entitled "Masking – beginning January 24, 2022" (ECF No. 39);

**WHEREAS** on February 7, 2022, this Court issued a memorandum opinion explaining that Plaintiffs had demonstrated a likelihood of success on the merits of their discrimination claim because the evidence showed a reasonable probability that they faced such a heightened risk of serious illness and/or death due to the impact of the optional masking policy and of their disabilities that they could no longer be considered to have "meaningful access" to the benefits of their education in the "most integrated setting appropriate" to their needs within the meaning of the ADA and Section 504 (ECF No. 38).  In weighing the evidence, the Court relied on the risk assessments conducted by the Centers for Disease Prevention and Control ("CDC"), in part because the American Rescue Plan Act of 2021, pursuant to which the District receives federal funding, required the District to "implement prevention and mitigation strategies that are, to the greatest extent practicable, consistent with the most recent CDC guidance on reopening schools." 86 Fed. Reg. at 21,201; 20 U.S.C. § 3401 note § 2001(e)(2)(Q).  At the time of the Court's opinion, the CDC recommended universal indoor masking in areas of "substantial" or "high" transmission (including Montgomery County), as determined by the CDC based on COVID-19 transmission rates and test positivity rates;

**WHEREAS** on February 15, 2022, Defendants filed a Notice of Interlocutory Appeal of the Court's February 7 Order to the Third Circuit Court of Appeals (ECF No. 43);

**WHEREAS** on February 25, 2022, the CDC updated its mask guidance to recommend universal masking only in areas with "high" COVID-19 Community Levels, a new CDC metric based not on transmission and test positivity rates but on the hospital beds used, hospital admissions, and the total of new COVID-19 cases in a given area;

**WHEREAS** immediately after the update to the CDC's mask guidance, Montgomery County became categorized as "medium" COVID-19 Community Level, such that universal masking was no longer CDC-recommended;

**WHEREAS** COVID-19 Community Levels in Montgomery County are now categorized by the CDC as "low";

**WHEREAS** on February 26, 2022, Defendants filed a Motion to Dissolve the Preliminary Injunction or in the Alternative Stay Implementation of the Preliminary Injunction, based on the CDC's updated mask guidance and a decrease in reported COVID-19 cases and hospitalizations in Montgomery County (ECF No 45);

**WHEREAS** on March 8, 2022, the Third Circuit ordered a limited remand for the adjudication of the Defendants' Motion to Dissolve the Preliminary Injunction (ECF No. 51);

**THE COURT FINDS THAT**:

1. The CDC no longer recommends universal masking in Montgomery County because COVID-19 Community Levels in the County are not "high."

2. The CDC's updated mask guidance and the change in Montgomery County's COVID-19 Community Levels together constitute a change of circumstances that justifies the dissolution of the preliminary injunction. *Favia v. Ind. Univ. of Pa.*, 7 F.3d 332, 337 (3d Cir. 1993) (holding that modification of an injunction is proper if there has been a change of circumstances "that would render the continuance of the injunction in its original form inequitable").

3. At this time, given the new CDC guidance and Montgomery County's COVID-19 Community Levels, Plaintiffs no longer face a substantial risk of serious illness and/or death should they attend school in-person under an optional masking

policy, nor is there a reasonable probability that Plaintiffs would be denied meaningful access to the benefits of their education without injunctive relief. Plaintiffs can no longer show a likelihood of success on the merits of their disparate impact claims under the ADA and Section 504 or that they will likely suffer irreparable harm absent injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Therefore, the continuance of the injunction would be inequitable. *Favia*, 7 F.3d at 337.

It shall be ordered that the February 7, 2022 preliminary injunction (ECF No. 39) is dissolved, without prejudice to Plaintiffs' ability to file a renewed motion for injunctive relief should circumstances change such that the Perkiomen Valley School District's masking policies are no longer consistent with CDC guidance and Montgomery County COVID-19 Community Levels.

**BY THE COURT:**

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**