IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 1 and JANE DOE 1, in their own capacity and as parents of CHILD DOE 1, JOHN DOE 2 and JANE DOE 2, in their own capacity as parents of CHILD DOE 2, JANE DOE 3, in her own capacity and as a parent of CHILD DOE 3 and on behalf of those similarly situated,<br>                    Plaintiffs,<br><br>            v.<br><br>PERKIOMEN VALLEY SCHOOL DIST., JASON SAYLOR, MATTHEW DORR, ROWAN KEENAN, DON FOUNTAIN, KIM MARES, REENA KOLAR, SARAH EVANS-BROCKETT, LAURA WHITE, and TAMMY CAMPLI,<br>                    Defendants. | CIVIL ACTION<br><br><br>NO.  22-cv-287 |

## O R D E R

**AND NOW**, this 26th day of July, 2022, upon consideration of Defendants' Motion to Dismiss (ECF No. 73), Plaintiffs' Opposition thereto (ECF No. 77), and Defendants' Reply (ECF No. 78), **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss is **GRANTED**.[1] It is **FURTHER ORDERED THAT** Plaintiffs' First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court shall **TERMINATE** this Case and mark it **CLOSED**.

                                                                BY THE COURT:


                                                                /s/Wendy Beetlestone, J.
                                                                _____
                                                                **WENDY BEETLESTONE, J.**

---

[1] Plaintiffs' First Amended Complaint ("FAC") alleges that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 701, *et seq*., because, "[b]y permitting optional masking regardless of the conditions of the pandemic," the School Board of the Perkiomen Valley School District "placed the lives of medically vulnerable children, including Plaintiffs' children, who have disabilities under the ADA, in danger." With respect to each Child Doe, the FAC alleges that the medical team who advises the parent(s) opined that, "until February 25, 2022 universal masking was essential" for the child in question to "safely access school facilities." On May 26, 2022, Defendants filed a Motion to Dismiss for Lack of Jurisdiction, alleging, among other things, that this matter is now moot.

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Whether the Court has jurisdiction is a threshold question. *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003). "[A] case will be considered moot, and therefore nonjusticiable as involving no case or controversy, if the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *In re Kulp Foundry, Inc.*, 691 F.2d 1125, 1128 (3d Cir. 1982)). The existence of a case or controversy requires three things: "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution." *Id.* (quoting *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987)). In addition to these constitutional requirements, "mootness doctrine incorporates prudential considerations as well." *Id.* (quoting *Int'l Bhd. of Boilermakers*, 815 F.2d at 915). "Accordingly, 'the central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.'" *Id.* at 230 (quoting *Int'l Bhd. of Boilermakers*, 815 F.2d at 915). Prior to making a determination of mootness, courts must consider whether any one of three exceptions apply: "(1) whether the appellant has expeditiously taken all steps necessary to perfect the appeal and to preserve the status quo before the dispute becomes moot, (2) whether the trial court's order will have possible collateral consequences, and (3) whether the dispute is of such a nature that it is capable of repetition yet evading review." *Id.* (quoting *Kulp Foundry*, 691 F.2d at 1129).

Because the FAC's factual allegations about the Child Does' medical needs extend only through February 25, 2022, this case no longer presents a live case or controversy. With the current state of the Child Does' need for universal masking completely unknown and unalleged, any harm caused by the Board's optional masking policy is purely hypothetical. *See id.* at 229. Prudential considerations counsel a finding of mootness as well. Amidst the rapidly evolving circumstances of this global pandemic, Plaintiffs' failure to allege that the Child Does still need universal masking in their schools amounts to a change in circumstances that "forestall[s] any occasion for meaningful relief." *See id.* at 230. And Plaintiffs have not argued that any of the three exceptions articulated in *In re Surrick* could save their case. Their opposition to Defendants' mootness arguments focuses on the Centers for Disease Control and Prevention's masking recommendations, which cannot cure the FAC's lack of factual allegations about the Child Does' present, individual needs.