IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 1 and JANE DOE 1, in their own capacity and as parents of CHILD DOE 1, JOHN DOE 2 and JANE DOE 2, in their own capacity as parents of CHILD DOE 2, JANE DOE 3, in her own capacity and as a parent of CHILD DOE 3 and on behalf of those similarly situated,<br>Plaintiffs,<br><br>v.<br><br>PERKIOMEN VALLEY SCHOOL DIST., JASON SAYLOR, MATTHEW DORR, ROWAN KEENAN, DON FOUNTAIN, KIM MARES, REENA KOLAR, SARAH EVANS-BROCKETT, LAURA WHITE, and TAMMY CAMPLI,<br>Defendants. | CIVIL ACTION<br><br><br>NO.  22-cv-287 |

## MEMORANDUM OPINION

This litigation arose out of a decision by the Board of School Directors of the Perkiomen Valley School District to promulgate an optional masking policy at its schools during the COVID-19 pandemic, to the dismay of certain parents of children with disabilities.  The children and their parents filed suit on behalf of themselves and a putative class of similarly situated children under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 701, *et seq.* (collectively, the "Acts"), alleging that the imposition of optional masking during a period of "high" or "substantial" transmission of COVID-19 violated the Acts because it "has the effect of excluding these children from their public institution, or otherwise denying them the opportunity to participate in the services of the school district."  The case having now been dismissed without prejudice as moot, Plaintiffs have filed a Motion for Attorneys' Fees and Costs pursuant to

1

42 U.S.C. § 12205 and 29 U.S.C. § 794a(b).  For the reasons that follow, Plaintiffs' Motion will be denied.

## I. FACTUAL BACKGROUND

The facts of this case having been set out in detail elsewhere, see *Doe 1 v. Perkiomen Valley Sch. Dist.*, --- F. Supp.3d ---, 2022 WL 356868 (E.D. Pa. Feb. 7, 2022) ("*Perkiomen I*"), the Court writes only for the Parties and limits the recitation of facts to those essential to this opinion.

The Board's decision to instate optional masking came at the dawn of 2022, when the District was managing a sudden surge in local cases caused by the COVID-19 omicron variant. Specifically, the Board voted on January 2 to implement a two-part plan.  The "Phase One Transition Plan" would require masking indoors from January 3 to 21, 2022.  Then, on the following Monday, January 24, the Phase Two Transition Plan would begin, rendering masks optional indoors.

On January 21, the last day of the Phase One Transition Plan, Plaintiffs filed suit alleging that, given then-current COVID-19 transmission rates, the institution of optional masking in schools would violate the ADA and Section 504.  At the time, the Centers for Disease Prevention and Control ("CDC") recommended universal indoor masking in areas of "substantial" or "high" transmission, as determined by the CDC based on COVID-19 transmission rates and test positivity rates.

On Sunday, January 23, Plaintiffs filed a Motion for a Temporary Restraining Order to prevent the optional masking policy from taking effect.  This Motion was granted and a temporary restraining order issued on January 25, 2022 (the "Temporary Restraining Order").  A hearing was later held on Plaintiffs' subsequent Motion for a Preliminary Injunction, and on

February 7, 2022, the Court entered a preliminary injunction enjoining Defendants from implementing or enforcing the Phase Two Transition Plan (the "Preliminary Injunction").

Nineteen days later, on February 26, 2022, Defendants moved to dissolve the Preliminary Injunction, based on a change in circumstances: on February 25, the CDC had updated its mask guidance to recommend universal masking only in areas with "high" COVID-19 Community Levels, a new CDC metric based not on transmission and test positivity rates but on the hospital beds used, hospital admissions, and the total of new COVID-19 cases in a given area. This change immediately downgraded Montgomery County from an area of "high" transmission to an area of "medium" COVID-19 Community Level, such that universal masking was no longer CDC-recommended. Furthermore, there had been a decrease in reported COVID-19 cases in the county.

On March 14, 2022, the Court granted Defendants' motion and dissolved the Preliminary Injunction, finding that "[t]he CDC's updated mask guidance and the change in Montgomery County's COVID-19 Community Levels together constitute a change of circumstances that justifies the dissolution of the preliminary injunction" because "Plaintiffs can no longer show a likelihood of success on the merits of their disparate impact claims under the ADA and Section 504." On May 20, Plaintiff moved again for a temporary restraining order, which motion was denied after a hearing.

Meanwhile, on May 12, Plaintiffs filed an Amended Complaint. The Amended Complaint alleged that each Child Doe's medical team had opined that, "until February 25, 2022 universal masking was essential" for the child in question to "safely access school facilities." Defendants moved to dismiss the Amended Complaint, alleging, among other things, that the case had become moot and the Court lacked jurisdiction. The Court agreed, holding that,

because the Amended Complaint's "factual allegations about the Child Does' medical needs extend only through February 25, 2022, this case no longer presents a live case or controversy." The case was dismissed without prejudice.

Plaintiffs then filed a Motion for Attorneys' Fees and Costs under the ADA and Section 504, each of which permit the award of reasonable attorneys' fees to the "prevailing party." Plaintiffs argue that they are prevailing parties because "they received merits-based relief based upon the injunctive relief provided by this court."

## II. LEGAL STANDARDS

"Under the 'American Rule,' parties to litigation are to pay their own attorneys' fees, absent statutory authority and a court order providing otherwise." *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 231 (3d Cir. 2008) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 602 (2001)). The ADA and Section 504 each set out the statutory authority for an exception to this general rule, providing that the court may allow the "prevailing party" a "reasonable attorney's fee." *See* 29 U.S.C. § 794a(b); 42 U.S.C. § 12205.

"Generally, parties are considered prevailing parties if 'they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit.'" *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "[T]he plaintiff must, 'at a minimum, . . . be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.'" *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011) (ellipsis in original) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).

"[R]elief obtained via a preliminary injunction can, under appropriate circumstances, render a party 'prevailing.'" *People Against Police Violence*, 520 F.3d at 233. However, a plaintiff must "receive at least some relief on the merits of his [or her] claims before he [or she] can be said to prevail." *Id.* at 232 (quoting *Buckhannon*, 532 U.S. at 603-04).

"[T]he 'merits' requirement is difficult to meet in the context of TROs and preliminary injunctions, as the plaintiff in those instances needs only to show a *likelihood* of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief." *Singer Mgmt. Consultants, Inc.*, 650 F.3d at 229 (emphasis in original). "[A] court's finding of 'reasonable probability of success on the merits' is not a resolution of 'any merit-based issue.'" *Id.* (quoting *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 559 (3d Cir. 2003)). "As this 'probability' ruling is usually the only merits-related legal determination made when courts grant TROs and preliminary injunctions, it follows that parties will not often 'prevail' based solely on those events." *Id*.

A preliminary injunction "designed to maintain the status quo during the course of proceedings" is not based on the merits. *John T. ex rel. Paul T.*, 318 F.3d at 558-59 (quoting *J.O. ex rel. C.O.*, 287 F.3d at 271) (injunction requiring school to continue providing special education services to student during ongoing litigation not merits-based). Such an injunction does not alter the legal relationship between the parties "in a manner that afford[s] plaintiffs substantial relief on the merits of their claims." *See People Against Police Violence*, 520 F.3d at 234.

### III. DISCUSSION

Both the Temporary Restraining Order and the Preliminary Injunction rested on a finding that Plaintiffs had demonstrated a "likelihood of success on the merits." The Temporary

5

Restraining Order stated that "there is a substantial likelihood that Plaintiffs will succeed on the merits."  And after briefing and a hearing on the Preliminary Injunction, the Court held:

> If the Phase Two Transition Plan approved by the Board on January 2, 2022 were executed under current conditions, the Child-Plaintiffs would face two possible outcomes: (1) they could attend school remotely, while their peers attend in-person; or (2) they could attend school with their peers under a real risk of serious illness or worse. Under the evidence before the Court, the Plaintiffs have shown a likelihood of success on the merits because, under either scenario, there is a reasonable probability that Plaintiffs would suffer a disparate impact by reason of their disabilities, and an inability to access services in the "most integrated setting appropriate" to their needs.
>
> [. . .]
>
> The only question presented is whether Defendants' adoption and implementation of the Phase Two Transition Plan rescinding the universal indoor masking policy during school hours in favor of recommended masking is likely under the circumstances presented here to be a violation of the Acts: the Court finds it that they likely would.

*Perkiomen I*, at *28.  This finding of a likelihood of success does not alone constitute a merits-based resolution that would trigger entitlement to attorneys' fees.  *See Singer Mgmt. Consultants, Inc.*, 650 F.3d at 229.

Nor did anything that followed secure merits-based relief to Plaintiffs.  The Preliminary Injunction was dissolved thirty-five days after it was entered because the changed circumstances meant that Plaintiffs could no longer show a likelihood of success on the merits.  Thus, "the initial relief plaintiffs achieved under the Court's injunction proved to be fleeting." *People Against Police Violence*, 520 F.3d at 234 (citing *Sole v. Wyner*, 551 U.S. 74, 82-86 (2007)).  In such cases, the interim relief obtained cannot be said to be merits-based.  *Compare Sole*, 551 U.S. at 83-86 (plaintiff who challenged statute prohibiting nudity at the beach was not "prevailing" although she won an initial Preliminary Injunction, because she lost on summary

judgment and the rule she challenged "remain[ed] intact") *with People Against Police Violence*, 520 F.3d at 233 (preliminary injunction that lasted two years and granted virtually all the relief plaintiffs sought was merits-based, where defendants avoided any final resolution on the merits by enacting new legislation providing the same relief).

Unlike the plaintiffs in *People Against Police Violence*, Plaintiffs here did not obtain "lasting relief on the merits of their claims." *Id.* at 234. The injunction was dissolved when they could no longer show a likelihood of success on the merits and their claims were later dismissed as moot. *See Singer Mgmt. Consultants, Inc.*, 650 F.3d at 231 (no determination on the merits where case became moot).

Furthermore, the Preliminary Injunction was explicitly designed to preserve the status quo. "Status quo" refers to "the last, peaceable, noncontested status of the parties." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990)). In granting the Preliminary Injunction, the Court held that "the Phase One Transition Plan represents the last peaceful status between the Parties," *Perkiomen I* at *6, and that, "[t]o re-establish the status quo between the Parties, the enforcement of Phase Two Transition Plan will be preliminarily enjoined, which will bring the Phase One back into effect." *Id*. at *29. As Plaintiffs never obtained merits-based relief on their claims, they are not entitled to attorneys' fees under 42 U.S.C. § 12205 or 29 U.S.C. § 794a(b) and their Motion will be denied.

An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**
